HOFFMAN-SHIRO MOTOR CAR CO., INC., v. J. M. HUDSON, Appellant

(June 8, 1925, Opinion and Decree.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Evidence—Par. 209.**
An unsworn statement found in the record and not offered in evidence is not proof and cannot be considered whether attached to the petition or otherwise.

Appeal from First City Court, Section "C", Hon. W. V. Seeber, Judge.

This is a suit for an alleged overdraft of employee's account.

Judgment for plaintiff.

Defendant appealed.

Judgment reversed and plaintiff non-suited.

J. E. Uzzo, attorney for plaintiff, appellee.

Woodville & Woodville, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff, an automobile dealer employed defendant as a salesman and manager of its Used Car Department. It was agreed that defendant should have exclusive charge of this department of plaintiff's business and his compensation was fixed at 10% of the selling price of all automobiles sold by his department. A controversy arose concerning a commission of fifty-five dollars claimed by defendant upon a sale of a used car by one of the employees in the department over which defendant presided to a man by the name of Truxillo. Failing to persuade plaintiff to allow him a commission on the car, defendant resigned his position. This suit is for an alleged overdraft of defendant's account in the sum of $156.20. The trial court awarded judgment to plaintiff in the sum of $106.20 and defendant has appealed.

We have carefully searched the record for proof of defendant's indebtedness without discovering anything to support the judgment. There is an unsworn statement attached to the petition purporting to show a debit balance in the amount sued for, but this statement was not offered in evidence, nor has any witness testified to its correctness. When defendant quit plaintiff's employ, he testified that he asked the bookkeeper for a statement of his account and was told that he owed fifty dollars. Whereupon, defendant remarked that that fifty dollars would never be paid since no credit has been given him for the Truxillo sale. It seems to us as it did to the trial court that defendant was entitled to a commission on the Truxillo sale, consequently, there is no basis whatever to sustain a judgment in plaintiff's favor.

For these reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff's demand be dismissed at his cost as in case of non-suit.

Judgment reversed and plaintiff non-suited.